TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Charles Hubner

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Charles Hubner,<br><br>                Plaintiff,<br><br>     vs.<br><br>Rash Curtis & Associates,<br><br>                Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**FOR VIOLATIONS OF:**<br>   **1. THE FAIR DEBT COLLECTION PRACTICES ACT; AND**<br>   **2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Charles Hubner (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against Rash Curtis & Associates. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code 1788.30(f), 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Danville, California, and is a "person" as defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. Defendant is a business entity located in Vacaville, California, and is a "person" as the term is defined by 47 U.S.C. § 153(39) and Cal Civ. Code § 1788.2(g).

7.      Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

8.      Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in the collection of consumer debts, and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9.      Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

10.     Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5), and is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

11.     At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

12.     On December 16, 2015, Plaintiff, upon reviewing a copy his credit report, noticed that Defendant had reported a trade-line showing an account in collections for an amount of $850.00.

13. Later that same day, Plaintiff contacted Defendant to inquire about the reported trade-line.

14. During a live conversation, Plaintiff verbally disputed the alleged debt, stating that he had no business relationship with the original creditor.

15. Defendant replied by misrepresenting that Plaintiff's dispute had to be in writing and offered to mail a form to Plaintiff on which he could dispute the alleged debt.

16. Defendant mailed the dispute form to Plaintiff; however, the form did not comply with 15 U.S.C. § 1692g and failed to inform Plaintiff of his rights regarding disputed debts.

17. At no time within five days of its initial communication with Plaintiff, did Defendant send Plaintiff a proper validation letter in accordance with 15 U.S.C. § 1692g .

18. On January 19, 2016, Plaintiff contacted Defendant to inquire about an additional entry on Plaintiff's credit report resulting from Defendant accessing his credit history on December 16, 2015.

19. During the call, Defendant's agent again misrepresented that Plaintiff's dispute of the alleged debt needs be in writing.

20. Plaintiff questioned the agent regarding the legality of Defendant accessing his credit history, to which the agent replied and misrepresented that he would connect Plaintiff to Defendant's legal department.

21. Instead of connecting Plaintiff to the legal department, the agent transferred him to another non-attorney agent.

22. After being prompted by Plaintiff, this second agent confirmed that he was not an attorney and stated that he would connect Plaintiff to an attorney.

23. Again, instead of connecting Plaintiff to an attorney, the second agent connected Plaintiff to yet another non-attorney agent.

24. This third agent identified himself as the floor manager and admitted, again after being prompted by Plaintiff, that he was not an attorney.

25. When Plaintiff asked the manager if any attorneys worked in the office, the manager stated that no attorneys worked in the office.

26. On two separate occasions Defendant intentionally misled Plaintiff into believing that he was speaking with an attorney, and it was not until being prompted by Plaintiff did Defendant's agents admit that that they were not attorneys.

27. Furthermore, Defendant's statement that it had a legal department was a misrepresentation as Defendant admitted that it had no attorneys on staff in its office.

28. In addition, despite Plaintiff's unequivocal dispute of the alleged debt on December 16, 2015, Defendant failed to amend its reported trade-line to indicate the dispute.

29. To date, Defendant has failed to report Plaintiff's alleged debt as disputed on his credit report.

30. Defendant's actions caused Plaintiff to suffer a significant amount of confusion, frustration and anxiety.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

31. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

32. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

33. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

34. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

35. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

36. Defendant falsely represented or implied that an individual is an attorney or that any communication is from an attorney, in violation of 15 U.S.C. § 1692e(3).

37. Defendant communicated with a consumer-reporting agency and provided false credit information and/or failed to communicate that the alleged debt is disputed, in violation of 15 U.S.C. § 1692e(8).

38. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C.§ 1692e(10).

39. Defendant failed to send Plaintiff written notice regarding the alleged debt within five (5) days after its initial communication with Plaintiff, in violation of 15 U.S.C. § 1692g(a).

40. Defendant failed to provide a statement regarding Plaintiff's right to dispute the validity of the alleged debt in its written notice to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(3).

41. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

42. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

43. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

44. The Rosenthal Act was passed to prohibit debt collectors from engaging in unfair and deceptive acts and practices in the collection of consumer debts.

45. Defendant falsely represented that any person is an attorney or counselor at law, in violation of Cal. Civ. Code § 1788.13(b).

46. Defendant did not comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.17.

47. Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 10, 2016     TRINETTE G. KENT

By: */s/ Trinette G. Kent*
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Charles Hubner